IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMONT L. BRINSON, #B46424, | |
| Plaintiff, | Case No. 22-cv-0280-SPM |
| v. | |
| ILLINOIS DEPT. OF CORRECTIONAL, WARDEN BROOKHART, THE CENTER FOR JAW & FACIAL SURGERY P.C., DR. SAVINO, NURSE LACKEY, BROWN, DR. TRAN, DENTAL HYGENIST, WEXFORD HEALTH SOURCES, INC., DENTAL ASSISTANT 1, DENTAL ASSISTANT 2, NURSE TROGGER, NURSE HARRIS, and DR. JAY I. SWANSON, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Lamont Brinson, an inmate of the Illinois Department of Corrections currently incarcerated at Danville Correctional Center filed this action for deprivation of his constitutional rights that occurred while at Lawrence Correctional Center. On the civil rights complaint form, Plaintiff indicates that he is bringing his claims pursuant to 28 U.S.C. §1331. (Doc. 1, p. 1). While Section 1331 provides subject matter jurisdiction in this case, the Court construes Plaintiff's Complaint as being brought pursuant to 42 U.S.C. §1983. Plaintiff is seeking injunctive and monetary relief for deliberate indifference concerning a dental procedure that caused damage to

his mouth.

This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff alleges that he suffers from throat cancer, and prior to receiving chemotherapy, he needed to have all his teeth extracted. (Doc. 1, p. 7). Dr. Swanson, a dentist at the Center for Jaw and Facial Surgery P.C., was scheduled to perform the extraction. Prior to the procedure, Dr. Swanson forced Plaintiff against his will to sign a medical release waiver that relieved Dr. Swanson from liability in the event that Dr. Swanson damaged Plaintiff's mouth. (*Id.* at p. 7). When Dr. Swanson extracted Plaintiff's teeth, Dr. Swanson "botched the surgery." (*Id.* at p. 13). Dr. Swanson deliberately broke Plaintiff's teeth from Plaintiff's mouth, damaging his mouth and gums. Dr. Swanson did not repair the destruction. (*Id.* at p. 8). Now, Plaintiff cannot chew food or swallow, and he is in need of follow-up care by another outside dentist.

## PRELIMINARY DISMISSALS

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and which includes "enough facts to state a claim to relief that is plausible on its face." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiff is required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Id.* at 555. Further, because Plaintiff brings his claims under Section 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability

under § 1983 requires personal involvement in the alleged constitutional deprivation"); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.").

Here, Plaintiff has failed to state a claim against Warden Brookhart, Director of Nursing Lackey, Health Care Programs Director Brown, Wexford Health Source, Inc., and the Center for Jaw and Facial Surgery P.C. Plaintiff is attempting to hold these Defendants liable because they were responsible for Plaintiff's care at different points in time. Individuals cannot, however, incur liability solely based on their administrative or supervisory positions, as the doctrine of *respondeat superior* (supervisory liability) is not applicable to section 1983 actions. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Likewise, Wexford Health Source, Inc. and the Center for Jaw and Facial Surgery P.C., as corporate entities, cannot be held liable for the misdeeds of its employees. *See Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007). Accordingly, the claims against Brookhart, Lackey, Brown, Wexford Health Source, Inc., and Center for Jaw and Facial Surgery P.C. are dismissed.

The Court also dismisses claims against Dr. Tran and Dr. Tran's dental assistants and hygienist. Plaintiff states that Dr. Tran sent the warden notification that Plaintiff needed to be referred to an outside dentist specialist to perform the extraction. Dr. Tran and the hygienist are now attempting to "correct the mistake that [the] outside dentist did to [Plaintiff's] mouth." (*Id.* at p. 5). Plaintiff does not describe in anyway what these individuals did or failed to do that amounted to a constitutional deprivation. (See Doc. 1, p. 4-5). Because the Complaint is devoid of factual allegations suggesting that Dr. Tran, Dental Assistant 1, Dental Assistant 2, and Hygienist violated his constitutional rights, his claims against them are dismissed.

All claims against the Illinois Dept. of Correctional are dismissed. The Illinois Department of Corrections is a state government agency and not a person subject to suit for money damages

under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-71 (1989); *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012).

Finally, the Court dismisses any claims Plaintiff is attempting to assert against Dr. Swanson for forcing Plaintiff to sign a medical release waiver prior to performing the extractions. (*See* Doc. 1, p. 7). A "requirement to sign a medical release is standard medical procedure," and a defendant cannot be "held responsible for delays in medical treatment when such delay is due to the inmate's outright refusal to cooperate." *Tapp v. Brazil,* No. 11-677, 2011 WL 6181215, at *3 (E.D. Penn. Dec. 13, 2011).

## DISCUSSION

Based on the allegations, the Court finds it convenient to designate the following counts:

**Count 1:**   Eighth Amendment deliberate indifference claim against Dr. Swanson for damaging Plaintiff's mouth and gums in extracting Plaintiff's teeth and failing to repair the damage caused by the procedure.

**Count 2:**   Eighth Amendment deliberate indifference claim against Dr. Savino, Nurse Harris, and Nurse Trogger for failing to provide Plaintiff adequate medical care following the extraction procedure.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez.,* 577 F.3d at 828 (internal quotations omitted). To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead

---

[1] *See Twombly,* 550 U.S. at 570.

that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez,* 914 F. 3d 1040, 1049 (7th Cir. 2019). In cases where a plaintiff is claiming he was subjected to an unnecessary delay in treatment, rather than a denial of care, the delay in treating the condition may "constitute deliberate indifference when it exacerbates an existing condition or causes an inmate unnecessary pain." *Hotchkiss v. Davis,* 713 F. App'x 501, 505 (7th Cir. 2017) (citations omitted).

At this stage, Plaintiff has adequately pled a claim of deliberate indifference against Dr. Swanson for the manner in which Dr. Swanson performed the extractions. Plaintiff states that Dr. Swanson did not have experience, "deliberately broke [his] teeth out of [his] mouth," "intentionally hurt [his] mouth and gums," and did not repair the "destruction" to his mouth. (Doc. 1, p. 8, 13). *See McGowan v. Hulick,* 612 F. 3d 636, 641 (7th Cir. 2010) (affirming dismissal because plaintiff had not suggested that the defendant maliciously intended to cause him pain or "otherwise performed the [dental] procedure in a way that he knew would create a substantial risk of complications"). Count 1 will proceed against Dr. Swanson.

Count 2, however, will be dismissed. Following the extraction procedure, Plaintiff alleges that (1) Nurse Trogger failed to provide him needed pain medications and antibiotics; (2) Nurse Harris failed to provide him pain medication and administered to him incorrect medication prescribed to other patients; and (3) Dr. Savino "refused to do medical rounds to treat [Plaintiff] for any of [his] chronic medical serious injuries" and "refused to provide [him] with adequate medical services." (Doc. 1, p. 3, 6, 8-9). These allegations are not sufficient to state a claim for deliberate indifference. The Court cannot infer from the facts asserted that Trogger, Harris, and Savino had the requisite subjective knowledge of a risk to his health. Furthermore, it is not clear if Defendants' alleged conduct was the result of deliberate indifference, rather than inadvertent error, negligence, or even ordinary malpractice. Accordingly, Count 2 is dismissed without prejudice.

### INJUNCTIVE RELIEF

The Complaint includes a request for injunctive relief. (Doc. 1, p. 14). Felicia Adkins, the warden of Danville Correctional Center, in her official capacity only, will be added as a defendant for the implementation of any injunctive relief relating to the other claims. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden is the proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### MOTIONS FOR RECRUITMENT OF COUNSEL

Plaintiff has filed two motions requesting the Court to recruit counsel to represent him in this matter. (Doc. 12, 18). Both motions are **DENIED**.[2] Plaintiff discloses three unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action pro se, Plaintiff indicates that he only has a fourth-grade education level. Nonetheless, the Court finds that Plaintiff can proceed pro se, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

### MOTION FOR STATUS

In light of this Order, the Motion for Status is **DENIED** as moot. (Doc. 21).

### DISPOSITION

For the reasons stated, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Defendant Dr. Swanson. **COUNT 2** is dismissed with prejudice. Because there are no surviving claims against Defendants Illinois Dept. of Correctional,

---

[2] In evaluating Plaintiff's Motions for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

Brookhart, the Center for Jaw and Facial Surgery, Savino, Lackey, Brown, Tran, Dental Hygienist, Wexford Health Source, Inc., Dental Assistant 1, Dental Assistant 2, Trogger, and Harris, they are dismissed without prejudice. The Clerk of Court is **DIRECTED** to terminate them as parties to this suit. The Clerk is further **DIRECTED** to **ADD** Warden Felicia Adkins as a defendant in her official capacity only.

The Motions for Recruitment of Counsel are **DENIED.** (Doc. 12, 18). The Motion for Status is **DENIED** as moot. (Doc. 21).

As this case involves issues concerning Plaintiff's medical care, the Clerk is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Dr. Swanson and Felicia Adkins the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendants' place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 19, 2023**

                                               *Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.